UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANIEL K. SIMMONS, | ) | CASE NO. 1:09 CV 337 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| LAKE ERIE CORRECTIONAL | ) | AND ORDER |
| INSTITUTION , et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 12, 2009, pro se plaintiff Daniel K. Simmons filed this action under 42 U.S.C. § 1983 against the Lake Erie Correctional Institution ("LECI"), Management and Training Corporation, LECI Warden Richard Gansheimer, Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, and ODRC Chief Inspector Gary Croft. In the complaint, plaintiff alleges the defendants would not procure a marriage license for him. He seeks monetary and injunctive relief.

**Background**

Mr. Simmons is currently incarcerated in the Lake Erie Correctional Institution ("LECI"), a private prison owned and operated by Management and Training Corporation ("MTC"). He claims he informed LECI personnel in May 2008 that he wished to marry his fiancé

on October 29, 2008. He was directed to kite Mark Balaney to inquire about obtaining a marriage license through Ashtabula County. Mr. Balaney reported to Mr. Simmons that LECI would not obtain a marriage license for an inmate, but suggested that he could do so by retaining legal counsel. Mr. Simmons contends that he does not have sufficient funds to retain an attorney. He filed grievances and sought the intervention of LECI Warden Richard Gansheimer, but did not receive the relief he requested. He claims the defendants "deliberately with malice denied plaintiff access to the resources to facilitate his marriage." (Compl. at 3.) He further contends that the defendants were deliberately indifferent to his right to marry, and engaged in practices which deny marriage licenses to inmates in private institutions. He asserts violations of his First, Eighth, and Fourteenth Amendment rights.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

As an initial matter, the court notes that the complaint contains no allegations against ODRC Director Terry Collins, and ODRC Chief Inspector Gary Croft. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by Mr. Simmons.

ODRC Director Terry Collins may have been included as a defendant simply because he is ultimately responsible for overseeing the Ohio prison system. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Liability, therefore, must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. Plaintiff must prove that Mr. Collins did more than play a passive role in the alleged violations or show mere tacit approval of the decisions. Id. He must show that Mr. Collins somehow encouraged or condoned the actions of the personnel under his supervision. Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There are no facts in the complaint which reasonably indicate Mr. Collins was aware of the decision with regard to Mr. Simmons and encouraged or actively participated in the resulting conduct.

It appears that Chief Inspector Croft was named as a defendant because he denied Mr. Simmons's grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. Shehee v. Luttrell, 199 F.3d.

295, 300 (6th Cir. 1999). There are no allegations in the complaint to suggest that Mr. Croft participated in any action which could make him liable to the plaintiff.

Mr. Simmons also names LECI as a defendant. LECI, however, is not a legal entity capable of being sued. Rather, it is a facility owned and provided for by MTC, and supervised by Warden Richard Gansheimer. To the extent that Mr. Simmons included LECI as a defendant for the actions of various people who work at the facility, he has not set forth a sufficient claim upon which relief may be granted. The claims must be asserted against the individuals who were responsible for the conduct giving rise to the claim. Rizzo, 423 U.S. at 371. To the extent that he included LECI as a defendant to challenge the policy of not providing legal assistance to obtain a marriage license, his claim is subsumed by his claims against MTC, and Warden Gansheimer.

Finally, the court turns to the merits of Mr. Simmons's claims. He asserts that MTC, and Warden Gansheimer violated his First, Eighth and Fourteenth Amendment rights. Mr. Simmons states that the defendants "denied plaintiff access to the resources to facilitate his marriage" in violation of the First Amendment. To state a claim for denial of access to the courts, Mr. Simmons must demonstrate a prison official interfered with his ability to litigate a non-frivolous claim and that he suffered actual injury as a result of the action. Lewis v. Casey, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and

-4-

incarceration."[2] Id. at 355.  Mr. Simmons alleges that the defendants would not provide legal services to him to aid him in obtaining a marriage license.  Refusing to render legal services to an inmate is not a denial of access to the courts.

Similarly, there are no facts in the complaint which reasonably suggest Mr. Simmons's Eighth Amendment rights were violated.  An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness.  Wilson v. Seiter, 501 U.S. 294 (1991); see also Hudson v. McMillian, 503 U.S. 1 (1992); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. Hudson, 503 U.S. at 9-10 (requiring extreme or grave deprivation).  Inmates "cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988); see Thaddeus-X v. Blatter,175 F.3d 378, 405 (6th Cir. 1999).  Plaintiff has not alleged a deprivation which triggers this form of Eighth Amendment scrutiny.

Finally, Mr. Simmons claims he was denied equal protection.  There are no factual allegations in the complaint to give light to this statement.  It is stated solely as a legal conclusion. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section

---

[2] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355.

1983 claim dismissed).

Moreover, it appears that Mr. Simmons is basing his claim in the fact that he found it difficult to obtain a marriage license because he is in a private prison. The administration by state officers of a state statute neutral on its face, which results in unequal application to those entitled to be treated alike, is not a denial of equal protection unless there is shown to be intentional or purposeful discrimination for an unlawful reason. Snowden v. Hughes, 321 U.S. 1, 8 (1944); Charles v. Baesler, 910 F.2d 1349, 1356 (6th Cir. 1990). Discriminatory purpose "implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker...selected...a particular course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group." Personnel Admin. of Mass. v. Feeney, 442 U.S. 256, 279 (1979); Coyne v. City of Sommerville, 972 F.2d 440, 445 (1st Cir. 1992). A discriminatory purpose will not be presumed. Tarrance v. State of Florida, 188 U.S. 519, 510 (1903).

Even if Mr. Simmons found it more difficult to obtain a marriage license than other prisoners or non-prisoners, his equal protection claim would fail. The complaint contains no set of facts which suggest the defendants acted with a purposeful intent to discriminate against him. The misapplication of state or local law does not rise to the level of intentional invidious discrimination. Charles, 910 F.2d at 1357. An equal protection violation is not established simply by applying the epithets "willful" and "malicious" to the allegations. Coyne, 972 F.2d at 445.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.[3]

        IT IS SO ORDERED.

                               S/Christopher A. Boyko
                              CHRISTOPHER A. BOYKO
                              UNITED STATES DISTRICT JUDGE

June 17, 2009

---

[3]   28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-7-