## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DANIEL K. SIMMONS,** | CASE NO. 1:09 CV 337 |
| **Plaintiff,** | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| **LAKE ERIE CORRECTIONAL INSTITUTION , et al.,** | <u>ORDER</u> |
| **Defendants.** | |

Plaintiff has filed a "Motion for Reconsideration" (ECF #8) on June 29, 2009 to ask this Court to reconsider its decision to dismiss this action on June 17, 2009. For the following reasons, the Motion is **denied**.

Plaintiff filed this action under 42 U.S.C. § 1983 against the Lake Erie Correctional Institution ("LECI"), Management and Training Corporation ("MTC"), LECI Warden Richard Gansheimer, Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, and ODRC Chief Inspector Gary Croft, on February 12, 2009. He asserted the defendants would not procure a marriage license for him. Thereafter, the Court issued its Memorandum of Opinion and Order dismissing the action. (ECF# 5). The complaint contained no allegations of actions

taken by ODRC Director Terry Collins or ODRC Chief Inspector Gary Croft.  Mr. Collins's connection to the case appeared to be his supervisory position over individuals operating LECI.  Mr. Croft's only connection to the case appeared to be his anwser to a grievance.  Neither of these types of claims are sufficient to sustain a cause of action under 42 U.S.C. § 1983.  The Court held that LECI was not a legal entity capable of being sued but rather was a facility owned and provided for by MTC, and supervised by Warden Richard Gansheimer.  Any claims asserted against LECI to challenge the policy of not providing legal assistance to obtain a marriage license, were subsumed by plaintiffs claims against MTC, and Warden Gansheimer.  Finally, as to the plaintiff's remaining claims, the court determined he was not denied access to the courts, was not subjected to cruel and unusual punishment and was not denied equal protection.

Mr. Simmons now has filed a Motion for Reconsideration.  Specifically, he argues his claims have merit and should not have been dismissed.  He claims Warden Gansheimer created a policy which is inconsistent with the policy of the state.  He claims inmates at LECI are required to retain counsel to process documentation needed to have a marriage ceremony.  He states "Gansheimer's un-written policy/practices are the bye [sic] product of L.a.E.C.I./MTC because it imposes liability on the corporation, Management Training Corporation (MTC) that operates under the name Lake Erie Correctional Institution... ."  (Mot. at 4.)  He contends LECI has been successfully sued in both state and federal court "under the registered name MTC." (Compl. at 9.)  He argues he established the liability of MTC as well as "Collins and its agents based on deliberate indifference." (Mot. at 4.)  Additionally, he claims his equal protection claim had merit, and asserts a claim for denial of due process.  Mr. Simmons asserts his complaint should not have been dismissed.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a

2

judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." Gencorp, Inc. v. Am. Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered, Keeweenaw Bay Indian Cmty. v. United States, 940 F.Supp. 1139, 1141 (W.D. Mich.1996), and may not "raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

While Mr. Simmons argues that the dismissal of his case was an error of law, there is nothing in his Motion to support that statement. He claims LECI is a viable defendant because it is owned and operated by MTC. MTC, however, is also named as a separate defendant. The Court considered the policy related claims raised against MTC. Mr. Simmons also contends ODRC Director Terry Collins should not have been dismissed as a defendant. He claims Mr. Collins is named as a defendant because he is the director of an agency that has a policy to which he objects. In his Complaint and later in his Motion, he argues he objects to the policy at LECI because it is not the same as the policy developed by the ODRC. It is not the ODRC policy to which he objects, but the way in which LECI personnel are implementing it. The ODRC Director cannot be held personally liable for these actions. Finally, the remainder of the arguments in the Motion either restate claims included in the pleading, or assert new theories of liability which were not contained in the original complaint. There is nothing stated in the Motion which would cause this Court to alter or amend its judgment.

For the foregoing reasons, the Court denies Simmons's "Motion for Reconsideration" (ECF

#8).

    **IT IS SO ORDERED.**

                                       s/Christopher A. Boyko
                                       **CHRISTOPHER A. BOYKO**
                                       **UNITED STATES DISTRICT JUDGE**

**September 29, 2009**